IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST BARNARD IVY, | No. 2:12-cv-2992-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| SAN JOAQUIN COUNTY CORRECTIONAL HEALTHCARE SERVICES, et al., | |
| Defendants. | |

Plaintiff, a prior state prisoner proceeding in propria persona, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's unopposed motion to dismiss (Doc. 15).

**I.   BACKGROUND**

This action proceeds on plaintiff's complaint (Doc. 3) against one defendant, Mohsen Saadat, M.D. Plaintiff alleges that the defendant denied him adequate medical care in violation of his Eighth Amendment rights. Specifically he claims defendant Saadat discontinued his pain medication based on a decreased budget, not based on his medical condition.

/ / /

/ / /

1

## II. MOTION TO DISMISS

Defendant filed the pending motion to dismiss on the basis that plaintiff fails to state a claim. Defendant argues that plaintiff's allegations are insufficient to state a claim. In the alternative, defendant seeks a more definite statement as to the basis of his claims. Plaintiff has not filed an opposition to the motion. Pursuant to Local Rule 230(l), the failure to file an opposition to the motion may be deemed a waiver of any opposition to the granting of the motion.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Here, defendant argues that plaintiff fails to plead sufficient facts to allege any violation of his rights under the Eighth Amendment. Defendant contends that plaintiff fails to provide sufficient facts to support his claim, including when the alleged violation occurred, what plaintiff's underlying health condition is, what pain medication was denied him, or how the denial of the medication posed an unreasonable risk of serious damage to his health. In addition, he fails to state how Dr. Saadat acted with deliberate indifference, giving rise to an Eighth Amendment violation.

/ / /

As plaintiff did not file an opposition to the motion to dismiss, he has not provided any additional information for the court to consider. Reading the complaint broadly, as the court must, the court determined it was possible that plaintiff was claiming defendant acted with deliberate indifference to a serious medical condition because he decided to stop plaintiff's medication based on budget cuts, not based on plaintiff's medical needs or condition.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, to the extent plaintiff claims that he was denied necessary medication based on budget cuts, not his medical needs, he may have a claim for deliberate indifference. However, the undersigned agrees with the defendant that there is insufficient factual allegations contained in the complaint to state a claim for an Eighth Amendment violation where plaintiff fails to allege any specifics as to what occurred. He fails to specify what his medical condition is, what medication was terminated, when it was terminated, and when the denial of medication occurred, and for how long. Without additional information, the court cannot determine whether plaintiff's

allegations amount to a difference in opinion as to the proper medical care, medical malpractice, or a violation of his Eighth Amendment rights.

In addition, to the extent he is also claiming violations of the American's with Disabilities Act, as defendant argues, there is no individual liability under the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). As Dr. Saadat is the only defendant, plaintiff cannot establish liability. To the extent he has a claim against anyone else, he fails to allege sufficient facts to state a claim under the ADA. He fails to allege he is a qualified individual with a disability, who has been excluded from some form of activity or service based on his disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's unopposed motion to dismiss (Doc. 15) be granted, but that plaintiff be granted leave to file an amended complaint in order to cure the defects noted above, if he can.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2015

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE